376 So.2d 427 (1979)
STATE of Florida, Appellant,
v.
Alan Mark LEONARD, Appellee.
No. 78-2172.
District Court of Appeal of Florida, Third District.
October 24, 1979.
Rehearing Denied November 30, 1979.
Janet Reno, State's Atty., and Theda James, Asst. State's Atty., for appellant.
Norman Francis Haft, Miami, for appellee.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
HAVERFIELD, Chief Judge.
The State of Florida appeals those portions of an order on pretrial motions (a) dismissing the second degree felony murder charge against the defendant, Alan Leonard, and (b) suppressing certain taped recorded conversations between Leonard and a confidential informant.
The facts which give rise to the felony murder charge are as follows:
Defendant Leonard and his co-felons were in the process of robbing a restaurant when their efforts were thwarted by the police arriving on the scene. A shootout ensued and two of Leonard's co-felons were killed by the police. In addition to being charged with conspiracy to commit robbery and attempted robbery, Leonard was charged with felony murder pursuant to Section 782.04(3), Florida Statutes (1977). The trial judge held that this statute was inapplicable to the instant situation because the felony murder rule is for the protection of innocent persons killed during the commission of a felony, not a co-felon.
Within a few days after this ruling, our Supreme Court in Mikenas v. State, 367 So.2d 606, 608-609 (Fla. 1978) held that Section 782.04(3) means "any person" killed during the commission of a felony whether an innocent person or a co-perpetrator. We, therefore, reverse that part of the appealed order dismissing the felony murder charge against Leonard.
The State's second point on appeal that the trial judge erred in suppressing certain tape recorded conversations between Leonard and a confidential informant we find has merit.
*428 Eddie Garcia, the confidential informant, consented in writing to be equipped with a body recording device and transmitter to intercept certain communications between himself and Leonard. As a result of these monitored conversations between Garcia and Leonard, the police learned that Leonard and John Howard along with Garcia planned to rob a specific restaurant on the date of the incident in question. Garcia drove to the restaurant with Leonard and Howard and was killed in the ensuing shootout (along with Howard). Leonard moved to suppress the taped conversations between himself and Garcia. The trial judge granted the motion to suppress on the ground that the tapes were inadmissable because Garcia was unavailable to testify with respect to his consent.
Section 934.03(2)(c), Florida Statutes (1977)[1] allows a warrantless interception of an oral communication where one of the parties to the communication has given his prior consent to the interception and the purpose of the interception is to obtain evidence of a criminal act. Walker v. State, 222 So.2d 760 (Fla. 3d DCA 1969) and Aalderink v. State, 353 So.2d 172, 173 (Fla. 2d DCA 1978). This consent must be authenticated through the testimony of the consenting party, not the sole testimony of an officer that the party gave his consent in that "[s]uch direct testimony easily falls in the class of those exceptions where establishment of probable cause and securance of a warrant or order are not required." Tollet v. State, 272 So.2d 490, 494 (Fla. 1973). The court in Tollet was concerned with the fact that the officer's testimony alone would be hearsay. Nevertheless, there exists an exception to the general hearsay rule when a witness is dead and his out of court statement is the only possible proof. See 29 Am.Jur.2nd Evidence § 496 (1967) and 9 Fla.Jur. Criminal Law § 104 at p. 181 (1972).
By reason of Garcia's death the State to authenticate his consent introduced a written consent form[2] which was signed by Garcia and witnessed by officer Storer and sergeant Homan and the corroborating testimony of Storer, as a subscribing witness that Garcia consented to be equipped with a body recording device and transmitter. We hold that under these circumstances the above evidence was admissible for the purpose of authenticating Garcia's consent. See 13 Fla.Jur. Evidence § 341 (1957) and Cf. State v. Barnes, 280 So.2d 46 (Fla. 1st DCA 1973), cert. denied 285 So.2d 25 (Fla. 1973).
Accordingly, we reverse that part of the order suppressing the tape recordings of the conversation between Garcia and Leonard.
For the reasons stated those portions of the pretrial order appealed herein are reversed and the cause remanded to the trial court for further proceedings consistent herewith.
NOTES
[1] ... .

"(c) It is lawful under this chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act."
.....
[2] "I Eddie Garcia hereby give my authority and consent to the Dade County Public Safety Department to:

"1) Install electronic devices upon my person and to intercept and monitor and/or record all conversations to which I am a party while said devices are installed, and to publish same as deemed appropriate by the Department.
"Witness: Paul Storer Signature: Eddie Garcia
* * * * * *
"My authority and consent for paragraph(s) 1) and 2) above is also given to the Dade County Public Safety Department to make full use of conversations recorded and/or monitored with said equipment in any criminal investigation or prosecution under the laws of the State of Florida.
"This authorization for paragraph(s) 1) and 2) above is given freely and voluntarily by me without coercion, duress, threats or promises of any kind for the purpose of obtaining evidence of criminal acts, and is to cover the period 10:00 P.M. to 12:30 A.M.
"Witness: Paul Storer
 Sgt. D. Homan Signature: Eddie Garcia."