COBB; Judge.
The defendant, Colton Wayne Palmer, was charged with the theft of an outboard motor. The state’s case was dependent upon the validity of a warrantless search of the premises of Palmer’s home, based on the verbal consent given by Palmer’s wife to an investigating detective, Walter Perkins. Perkins discovered the stolen motor under a tarpaulin at the rear of the residence.
At trial the defense objected to Perkins’ proffered testimony concerning the consent to search, contending it was hearsay. Mrs. Palmer was not available as a witness for trial. Perkins, however, testified that he told her he was looking for an outboard motor and she gave him permission to search the premises, whereupon he found the motor. The trial court overruled the objection, admitted the testimony of Perkins about the consent and the search, together with the motor itself, and Palmer was convicted. He appeals on the basis that the search was illegal because the consent therefor was not established by the testimony of Mrs. Palmer.
Basically, the state argues that the inquiry regarding the consent was not directed to the truth of the words spoken by Mrs. Palmer but, rather, to whether in fact they were spoken. The appellant, on the other hand, argues that it was the burden of the state to prove a valid consent and that this could only be done by the presentation of Mrs. Palmer’s testimony that she voluntarily gave that consent.' The appellant argues in his brief:
Since Detective Perkins had foregone the process of obtaining a search warrant, it was the State’s burden to clearly establish that Appellant’s right against unlawful searches and seizures had been honored because of some other exception to the warrant requirement. Since it was Mrs. Palmer’s alleged consent to the search upon which the State relied, the State should have produced this critical witness at trial. Since the State did not, *56 the trial court should have sustained Appellant’s objection to the hearsay testimony, to uphold his right to confront the witnesses against him. Art. I §§ 12, 16, Fla. Const.; Amends. IV, VI, XIV, U.S. Const.
The strongest support for the appellant’s argument is the Florida Supreme Court case of Tollett v. State, 272 So.2d 490 (Fla.1973). There, the court held that wiretap evidence could not be admitted without establishing consent by competent and relevant testimony of a party to the communication, subject to cross-examination. The only showing of consent therein was the testimony of police officers that the consent was given to them by their informant, who was unavailable for trial.
Tollett was a four-three opinion wherein the majority relied on the language of Article I, Section VII of the 1968 Florida Constitution, in effect at that time, and section 934.01(4), Florida Statutes, relating to the interception of wire or oral communications. Tollett, as pointed out in the dissenting opinion by Justice Adkins therein, was an aberrant departure from all past law in holding that the issue of consent necessitated testimony from the consentor rather than the consentee alone. Moreover, unlike the instant case, it dealt with construction of the Florida Constitution rather than the Fourth Amendment to the United States Constitution. Lastly, the questionable viability of Tollett in regard to its interpretation of the search and seizure provisions of the Florida Constitution was terminated by the recent constitutional amendment adopting federal standards. See Art. I § 12, Fla. Const., as amended in 1982.[1]
The error of the defense argument in the instant case (and, respectfully, the majority opinion in Tollett) stems from the misconception of the true reason for an objection to the testimony of an officer who receives consent from a third party (i.e., someone other than a defendant) to the search of joint premises. The giving of consent is a verbal act; it is not an out-of-court statement offered to prove the truth of the matter contained therein. As such, it can be testified to by the recipient without violation of the hearsay rule. See Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982). The violation occurs when the officer attempts to establish through hearsay the facts supplying the consenting party with standing to give that consent. For example, in the instant case, Perkins, in all probability, could not have qualified to testify, over timely and proper objection, as to the true proprietary interest and authority of Mrs. Palmer in regard to the searched premises. It is usually in the area of standing that the state faces the crucial challenge to establish that a warrantless search was properly authorized by third-party consent. See, e.g., United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). See also Whitebread, Constitutional Criminal Procedure, § 7.3 at 110-114. The converse of this proposition, however, is that standing to object to the search initially must be established by the defendant. United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).
In this case, the only objection to the search was that Officer Perkins' testimony of the verbal act of Mrs. Palmer in giving consent was hearsay. This objection was properly overruled. No objection as to her standing to give that consent was ever raised. Nor was any effort ever made by the defendant to establish his standing to object to the search. In point of fact, the record clearly indicates that both the state and the defendant assumed, throughout trial, that both Palmer and his wife had full *57 authority and control over the searched premises.
AFFIRMED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.

. Given this constitutional amendment, a different result in Tollett would be mandated today by United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971).