536 So.2d 1017 (1988)
STATE of Florida, Petitioner,
v.
Paul A. WELKER, Respondent.
No. 70510.
Supreme Court of Florida.
December 8, 1988.
Rehearing Denied February 9, 1989.
*1018 Robert A. Butterworth, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for petitioner.
Leo A. Thomas of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for respondent.
GRIMES, Justice.
We have for review Welker v. State, 504 So.2d 802 (Fla. 1st DCA 1987), in which the First District Court of Appeal certified two questions of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Welker was charged with trafficking in cocaine after he sold thirty-five grams of cocaine to an undercover deputy sheriff. At trial, Welker contended that he had been entrapped by a confidential informant, Joe Baggett, acting in concert with the sheriff's department. The state introduced a tape recording of two telephone conversations between Baggett and Welker. A deputy sheriff testified that Baggett had consented to the taping. Baggett did not testify.
The jury found Welker guilty of possession, sale, or delivery of cocaine with intent to distribute. Departing from the guidelines recommendation of any nonstate prison sanction, the trial court sentenced Welker to four years imprisonment followed by two years probation.
On appeal, Welker asserted that it was error to admit the tape recordings into evidence because Baggett himself never testified that he consented to the taping of the conversation as required by this Court's decision in Tollett v. State, 272 So.2d 490 (Fla. 1973). The First District found Tollett applicable and reversed the conviction. The district court also vacated Welker's sentence, finding invalid all four reasons for departure, including one based upon the quantity of cocaine involved. The district court then certified two questions to this Court, one dealing with guilt:
HAS THE REQUIREMENT, ENUNCIATED IN TOLLETT V. STATE, 272 So.2d 490 (FLA. 1973), THAT CONSENT TO THE TAPING OF A CONVERSATION MUST BE ESTABLISHED BY THE TESTIMONY OF THE PERSON WHO CONSENTED, BEEN SUPERSEDED BY THE 1982 AMENDMENT TO ARTICLE I, § 12, OF THE FLORIDA CONSTITUTION AND UNITED STATES SUPREME COURT DECISIONS CONSTRUING THE FOURTH AMENDMENT TO THE FEDERAL CONSTITUTION?
504 So.2d at 807; and one dealing with penalty:

*1019 MAY THE AMOUNT OF DRUGS POSSESSED BY THE DEFENDANT BE USED AS A REASON FOR DEPARTURE FROM THE SENTENCING GUIDELINES IN A PROSECUTION FOR UNLAWFUL POSSESSION OF DRUGS, AND IF SO, UNDER WHAT CRITERIA OR CONDITIONS?
504 So.2d at 804.
In order to respond to the first question, it is necessary to review Tollett which involved essentially the same facts as those in the instant case. The defendant was convicted after the jury heard a tape-recorded conversation between him and a confidential informant, who was working in concert with the police. A police officer testified that the informant had given his consent to the recording, but the informant did not testify. The court recognized that if the recording had been done with the informant's consent there could be no violation of article I, section 12, the search and seizure provision of the Florida Constitution. However, in a sharply divided opinion, the court rejected the admissibility of the wiretap because the informant did not testify that he had consented to the recording. The court said:
[W]here there is no warrant or no testimony of a participant to the communication that he consented to its interception, the hearsay testimony of the police officer only making the wiretap that he was given consent to make it by an alleged participant to the communication does not obviate the requirements of Section 12, Article I.
272 So.2d at 494.
This decision has been questioned since article I, section 12 was amended in 1982 to require it to be construed in conformity to the fourth amendment to the United States Constitution as interpreted by decisions of the Supreme Court of the United States.[1] If a decision of that Court would make the evidence in this case admissible, then we are bound to follow it. Bernie v. State, 524 So.2d 988 (Fla. 1988).
The only United States Supreme Court case that speaks to this issue is United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), which involved the admissibility of federal agents' testimony as to the contents of conversations between the defendant and a confidential informant which was overheard through electronic "bugging." The informant was unavailable at trial, but the agents testified that the intercept was conducted with his consent. The Court held that the fourth amendment did not preclude warrantless electronic surveillance, providing it was done with the consent of one of the parties to the conversation. However, the decision as to the availability of the informant was not clear cut. Only three justices joined Justice White's opinion that the informant's availability was constitutionally irrelevant. Because it was only a plurality opinion,[2] we do not believe we are bound to follow it. Thus, we answer the first certified question in the negative.
There remains the question of whether we should follow Justice White's plurality opinion, which has become the rule in federal courts. United States v. Diaz, 535 F.2d 130 (1st Cir.1976); United States v. James, 495 F.2d 434 (5th Cir.), cert. denied, 419 U.S. 899, 95 S.Ct. 181, 42 L.Ed.2d 144 (1974); United States v. Bonanno, 487 F.2d 654 (2d Cir.1973). In explaining why the informer's presence at trial is constitutionally unnecessary, Justice White wrote: "[T]he issue of whether specified events on a certain day violate the Fourth Amendment should not be determined by what later happens to the informer." 401 U.S. at 754, 91 S.Ct. at 1127.
We find that reasoning persuasive. Moreover, we note that the holding in Tollett cannot be sustained upon evidentiary principles. In analyzing that portion of Tollett which characterized the *1020 deputy sheriff's testimony as hearsay, the district court of appeal correctly observed:
The [supreme] [c]ourt apparently overlooked the doctrine that the giving of consent is a verbal act, and therefore testimony that someone has given consent is not hearsay. See, Breedlove v. State, 413 So.2d 1, 6 (Fla.), cert. denied 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); Lombardi v. Flaming Fountain, Inc., 327 So.2d 39 (Fla. 2d DCA 1976); McCormick on Evidence, 732-33 (E. Cleary 3rd ed. 1984).
Welker, 504 So.2d at 806 n. 3. Accord Palmer v. State, 448 So.2d 55 (Fla. 5th DCA 1984).
For purposes of obtaining evidence of a criminal act, section 934.03(2)(c) authorizes a law enforcement officer to intercept a communication electronically when one of the parties to the communication has given prior consent. There is nothing in chapter 934 pertaining to security of communications which suggests that the consent must be proven only by the testimony of the consenting party. Tollett is also inconsistent with the rule that third-party consent to search need not be proved by the testimony of the consenting person. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); Palmer; see Myrick v. State, 177 So.2d 845 (Fla. 1st DCA 1965), cert. denied, 188 So.2d 807 (Fla. 1966).
One could legitimately argue that any warrantless intercept should be held unconstitutional regardless of consent. Yet, Florida courts have consistently held that electronic interceptions of communications are admissible if made with the consent of one of the parties to the communication. Powe v. State, 443 So.2d 154 (Fla. 1st DCA 1983); Zacke v. State, 418 So.2d 1118 (Fla. 5th DCA 1982), review denied, 426 So.2d 29 (Fla. 1983); State v. Leonard, 376 So.2d 427 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1115 (Fla. 1980); Barber v. State, 172 So.2d 857 (Fla. 1st DCA), cert. denied, 177 So.2d 474 (Fla. 1965). Tollett elevated an erroneous evidentiary interpretation into a constitutional principle. As noted by Justice Adkins in his dissent to the original Tollett opinion:
During these times when police officers are unjustly castigated by so many misguided citizens, I think it extremely inappropriate to say that the testimony of an officer relating to consent cannot even be considered by a jury unless corroborated by an informer. This has not been the law in the past and the people certainly did not intend this result when the Constitution was adopted in 1968.
272 So.2d at 497 (Adkins, J., dissenting).
We have concluded to recede from Tollett. Proof of consent for purposes of electronic intercept shall be governed by traditional rules of evidence. As applied to the instant case, the deputy's testimony that Baggett consented to the intercept sufficed to permit the introduction of the tape recordings. Indeed, there could be little doubt that the informant consented to the recordings because the calls were made from the sheriff's office.
We answered the second question in the negative in Atwaters v. State, 519 So.2d 611 (Fla. 1988), and, therefore, approve the district court decision as to that issue.
That portion of the opinion below which holds that the tape recordings were inadmissible without the testimony of the informant is quashed. We approve the opinion in all other respects. We remand and direct that the defendant be resentenced within the recommendation of the guidelines.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD and SHAW, JJ., concur.
BARKETT, J., dissents with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, dissenting.
I respectfully dissent. Under the Court's power to establish rules of evidence applicable to judicial proceedings in Florida Courts,[*] the Tollett rule was fashioned after extensive analysis of competing policies. It represented the conclusion of the *1021 Court that the testimony of the consenting party was necessary both to assure the authenticity of the consent as well as to protect the privacy rights of citizens generally.
The Court determined that permitting the state to introduce wiretap evidence based upon consent without authentication by the alleged participating informant would "eliminate[] an accused's opportunity to cross-examine the alleged informant ... further[] the invasion of privacy by the police, [and] encourage[] wiretapping, entrapment and manufactured evidence." Tollett, 272 So.2d at 495. I find the policy considerations which led the Court to adopt the Tollett rule as pertinent today as they were in 1973.
I note additionally that since the rule was formulated, the citizens of Florida approved article I, section 23 of the Florida Constitution, thereby opting for more protection from governmental intrusion. See Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544, 548 (Fla. 1985). This privacy interest is strongly implicated in a case such as this one and should be honored, absent a reasonable countervailing state interest. In this case, the state has not demonstrated or even suggested that the rule, limited as it is to situations involving confidential informants, has been unduly burdensome to legitimate law enforcement. I would reaffirm Tollett.
KOGAN, J., concurs.
NOTES
[1] "[T]he questionable viability of Tollett in regard to its interpretation of the search and seizure provisions of the Florida Constitution was terminated by the recent constitutional amendment." Palmer v. State, 448 So.2d 55, 56 (Fla. 5th DCA 1984) (footnote omitted; citation omitted).
[2] See Welker v. State, 504 So.2d 802, 806-07 nn. 5-6 (Fla. 1st DCA 1987).
[*] See art. V, § 2(a), Fla. Const.; In re Florida Evidence Code, 372 So.2d 1369 (Fla. 1979), clarified, 376 So.2d 1161 (1979), modified, 404 So.2d 743 (1981).