DELL, Judge,
concurring specially.
I agree with Judge Glickstein that appellant’s conviction must be reversed and this case remanded for a new trial. The record does not support the state’s argument that the police officer’s testimony furnished a sufficient predicate for the admission of the tape. See State v. Welker, 536 So.2d 1017 (Fla.1988). The officer testified:
Q. All right. And did Derrick [the confidential informant] know he was being taped?
A. I told him I taped a couple of times. I don’t know on that particular time. I know most of the time I will tell him any time we met with him.
Q. As to the tape containing the voices of the parties of the conversation, whoever they may be, did you tell Derrick at any time that you were going to record his conversation with the person he was speaking to?
A. I don’t know if he had knowledge that day or not. I don’t remember if I said I am going to record this or not. Like I stated, all the other meetings with him we did record anything concerning narcotics trafficking in the Northwest area.
(Emphasis added.)