GARRETT, Judge,
concurring in part and dissenting in part.
A Fort Lauderdale police officer testified that he taped a telephone' conversation while assigned to a special crack cocaine investigation unit. The telephone call began as a two-party conversation between the Cl and the officer. The Cl then dialed a third party. The officer testified that the Cl “let [him] listen in to the conversation.” The officer tape-recorded both conversations. On the same day, the officer obtained a warrant to search a house. At trial, over defense counsel’s objection, the judge admitted the tape into evidence.
I respectfully dissent to the majority holding that the state failed to prove the confidential informant’s (Cl) consent to the taping.
The Cl did not have to testify about giving his consent to the officer’s interception of appellant’s conversation. State v. Welker, 536 So.2d 1017, 1020 (Fla.1988). The officer’s testimony that the Cl consented to the intercept sufficed to permit the introduction of the tape recording. Id.
I also differ with Judge Dell’s concurring opinion. No Florida statute or case requires that the. party who consents to the interception must also consent to the method chosen by a police officer to memorialize the intercepted conversation.
We should affirm the trial judge’s ruling to admit the tape. A police officer is authorized to use electronic, mechanical or other device to intercept a telephone conversation to obtain evidence of a crime when one of the parties to the conversation has given prior consent to such interception. § 934.03(2)(c), Fla.Stat. (1987).
Merely listening on a telephone does not constitute an interception. A police officer can testify about a telephone conversation which he has overheard. State v. Tsavaris, 394 So.2d 418, 420, 424 (Fla.1981). A telephone furnished in the ordinary course of business by a telephone company to one of its subscribers or users is not included in *374 the definition of “electronic, mechanical or other device.” § 934.01(4)(a), Fla.Stat. (1987). Therefore, no interception occurred when the police officer used a telephone to listen as appellant and the Cl talked.
But a tape recorder is an electronic device and the tape recording of a telephone conversation is an interception. Id. at 421. However, the Cl, as one of the parties to the conversation, consented to the interception by the police officer to obtain evidence of cocaine trafficking. Therefore, no unlawful interception occurred when the police officer tape recorded appellant’s telephone conversation.
Where the initial interception is legal, so too is the recording of that interception. Tsavaris, 394 So.2d at 424 (citing State v. McDermott, 167 N.J.Super. 271, 400 A.2d 830 (Ct.App.Div.1979) and Amsler v. United States, 381 F.2d 37, 50 (9th Cir.1967)).
Contrary to appellant’s argument, the state did prove that she was one of the persons talking on the telephone with the CL I recognize that self-identification is not competent evidence to identify a party to a telephone call, See Byer v. Florida Real Estate Comm’n., 380 So.2d 511 (Fla. 3d DCA 1980), but the identity of the third party was circumstantially proven. The officer testified that “when I spoke with [appellant] the voice matched the voice on the tape.” [1] See Worley v. State, 263 So.2d 613 (Fla. 4th DCA 1972); See Cason v. State, 211 So.2d 604 (Fla. 2d DCA), cert. dismissed, 218 So.2d 167 (Fla.1968).
I concede that the portion of the tape which recorded the two-party conversation between the Cl and the officer was irrelevant or hearsay evidence. Although such evidence may have been proper to provide the probable cause for the search warrant, the same should have been excluded from appellant’s trial.
We should also affirm appellant’s conviction and sentence. I find that the admission of the objectional part of the tape did not reasonably affect the verdict. Nor, if erroneously admitted, did the tape. The police officer testified that the conversation recorded on the tape was the conversation he heard on the telephone. The admissible evidence proved appellant’s guilt beyond a reasonable doubt. Her telephone conversation with the Cl speaks for itself.[2] Appellant was present in the house when the officers executed the warrant. After appellant was advised of her rights, she admitted that there was cocaine in her purse and she showed the officers more cocaine hidden behind a bedroom dresser. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
I concur that appellant’s other point is without merit.

. On direct examination, appellant admitted that she was the third person on the tape.

. Appellant: Hello.
Confidential informant (Cl)': Hello, mom?
Appellant: Yeah.
Cl: You got anything with you now.
Appellant: That is done [cooked] up?
Cl: That you know he can see that [is] straight.
Appellant: Oh, yeah, that is already done up.
Cl: Okay, I am going to just get one, you know, for five dollars fifty cents, you know what I am talking about? I want to get one that is done up.
Appellant: The one that is done up is 585 [dollar price of one cake — an ounce]
Cl: Okay. That is straight, right? And you know what I am talking about?
Appellant: Uh-huh. You get a 25 return [dollar profit].
Cl: 25 return?
Appellant: Right, guaranteed.
Cl: I will come by myself now, I am not going to bring him.
Appellant: Make sure you [are] not followed so don’t come straight.
Cl: You know me.
Appellant: Okay.
Cl: All right.