[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15163
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-24280-MGC


GIOVANNI SAIRRAS,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 7, 2012)

Before DUBINA, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellant Giovanni Sairras, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. On appeal, Sairras argues that the Florida court's adjudication of his each of his claims was contrary to, or involved an unreasonable application of, clearly established Federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

First, Sairras argues that, under *State v. Warner*, 762 So. 2d 507 (Fla. 2000), there was a presumption of judicial vindictiveness in his sentencing that constituted a reversible error, and his counsel was ineffective in failing to object on this basis. Second, Sairras argues that his trial counsel was ineffective for failing to file a motion to dismiss the charges against him on the basis that the state did not receive sworn testimony from a material witness before commencing the prosecution. Third, Sairras argues that his trial counsel was ineffective for failing to move to suppress unlawfully intercepted communications that were utilized at trial. Fourth, Sairras contends that trial counsel was ineffective for failing to object to and agreeing with the trial court's answer given to the jury's request for a definition of "distribution." Fifth, Sairras argues that his appellate counsel was ineffective in failing to argue on appeal that the prosecutor's

2

improper comments during closing argument rendered his trial fundamentally unfair.  The specific comments are that  (1) Sairras was "part of an underworld where drugs were bought and sold for a price," and should not be compared to "regular law abiding citizens," (2) "[w]hen the ecstacy deal doesn't work because the defendant says, oh, but I can probably get you cocaine. The defense of entrapment means that he has no predisposition in the world to be able to do it," (3) "at no point in time did he say no, no, no," (4) [n]ormal law abiding citizens don't talk that way," and (5) "crimes conceived in hell are not witnessed by angels." Sixth, Sairras argues that during closing argument, his trial counsel was constitutionally ineffective for disclosing his incarcerated status to the jury. Finally, Sairras argues that the trial court erred by denying his renewed motion to dismiss and motion for judgment of acquittal, as the evidence established that he was entrapped as a matter of law.

After reviewing the record, and reading the parties' briefs, we affirm.

**I.**

We review a district court's denial of a habeas petition under 28 U.S.C. § 2254 *de novo* and its factual findings for clear error.  *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998).  A habeas petition based on ineffective assistance of counsel presents a mixed question of law and fact that we review *de*

3

*novo. Id.*

A person in custody pursuant to the judgment of a state court shall not be granted habeas relief unless the state court's decision on the merits was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When a state court's application of governing federal law is challenged, the decision "must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 4, 157 L. Ed. 2d 1 (2003). When reviewing a state court's decision applying federal law, a federal court must not determine the accuracy of the result, but rather, whether the result was unreasonable, which is "a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933, 1939, 167 L. Ed. 2d 836 (2007). A state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set out a two-part inquiry for ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S. Ct. at 2064. A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the *Strickland* test. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). If the defendant makes an insufficient showing on the prejudice prong, the court need not address the performance prong, and *vice versa*. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

"To establish deficient performance, a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." *Cummings v. Secretary for Dept. of Corrections*, 588 F.3d 1331, 1356 (11th Cir. 2009) (internal quotation marks omitted). "In judging the reasonableness of counsel's performance, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled [, and performance must fall] . . . . outside the wide range of professionally competent assistance" to be considered deficient. *Id.* (internal quotation marks omitted). "The Federal

5

Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Id.* (internal quotation marks omitted). Reviewing courts employ a strong presumption that trial counsel's performance was reasonable and that counsel exercised reasonable professional judgment in making all significant decisions. *Id.*

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. *Id.* at 693, 104 S. Ct. at 2067. He must show that the result would have been different. *See id.*

The standard of review is "doubly deferential" when a *Strickland* claim is evaluated under the § 2254(d)(1) standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420, 173 L. Ed. 2d 251 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* (internal quotation marks omitted).

6

Florida law does not proscribe judicial participation in the plea bargaining process, but rather, sets certain limits on judicial involvement in order to "minimize the potential coercive effect on the defendant, to retain the function of the judge as a neutral arbiter, and to preserve the public perception of the judge as an impartial dispenser of justice." *Warner*, 762 So. 2d at 513 (internal quotation marks omitted). Where the trial judge participates in plea negotiations and then imposes a harsher sentence after the defendant is convicted in a jury trial, instead of applying a presumption of vindictiveness, Florida has adopted a totality of the circumstances test to determine whether there is a "reasonable likelihood" that the harsher sentence was imposed in retaliation for the defendant exercising his right to a jury trial. In evaluating the totality of the circumstances, the reviewing court considers: (1) whether the trial judge initiated the plea discussions in violation of *Warner*; (2) whether the trial judge appears to have departed from his role as an impartial arbiter, either by urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices; (3) the disparity between the plea offer and the sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence. *Wilson v. State*, 845 So. 2d 142, 156 (Fla. 2003).

Here, we conclude from the record that the Florida court's determination

under the *Strickland* standard was not unreasonable. Although the court's initiation of the plea discussions is a factor, a totality of the circumstances analysis shows that there was not a reasonable likelihood that the harsher sentence was imposed in retaliation for Sairras's exercise of his right to a jury trial. Therefore, there was no judicial vindictiveness under Florida law, and, consequently, Sairras's counsel could not have been deficient in failing to object on this basis. Because counsel's performance was not deficient, we need not analyze prejudice under *Strickland.*

## II.

Florida Statute § 923.03(2) requires that any indictment or information contain a sworn oath of the state attorney certifying that "the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true and which, if true, would constitute the offense therein charged." FLA. STAT. § 923.03(2) (2010).

Again, we conclude from the record that the state court's adjudication of this claim was reasonable because Sairras did not meet his burden of showing that his counsel's performance was deficient. To establish that his counsel was ineffective in this regard, Sairras would have to show that the state did not receive sworn testimony from a material witness before commencing the prosecution, and

8

that his counsel knew that the state had not received such testimony. However, there is no indication in the record that such testimony was not received, and Sairras does not assert that his trial counsel was aware of the alleged deficiency.

## III.

For purposes of obtaining evidence of a criminal act, FLA. STAT. § 934.03(2)(c), authorizes a law enforcement officer to intercept a communication electronically when one of the parties to the communication has given prior consent. *State v. Welker*, 536 So. 2d 1017, 1020 (Fla. 1988). Proof of consent for this purpose is governed by the traditional rules of evidence, and there is no requirement that consent be proven by the testimony of the consenting party. *Id.*

Sairras has failed to show that his counsel's performance was deficient in failing to file a motion to suppress. Counsel filed a motion *in limine* seeking to prevent the state from mentioning, introducing, or inviting any hearsay statements made by the confidential informant ("CI") and any testimony regarding any audiotapes of recorded conversations between the CI and Sairras, and counsel objected to the disputed testimony at trial. Thus, while it would have been possible for Sairras's counsel to file a motion to suppress the evidence, counsel's choice to utilize a motion *in limine* to keep the disputed evidence from the jury was not objectively unreasonable. Further, Sairras cannot establish prejudice because he

9

has not shown that the trial court would have granted a motion to suppress the recordings and any related testimony. It is clear from the testimony at trial that the confidential informant consented to the recording, which is sufficient to prove consent for purposes of FLA. STAT. § 934.03(2)(c).

## IV.

Florida law gives courts discretion in responding to jury questions. FLA. R. CRIM. P. 3.410 (upon request by the jurors, "the court may give them additional instructions"). Further, Florida courts can define terms in the jury instructions by referring the jurors to the instructions previously given, or giving them a "brief, clear response." *See Perriman v. State*, 731 So. 2d 1243, 1247 (Fla. 1999). The court should not give instructions which are confusing or unclear. *Id.* at 1246–47.

Here, we conclude that Sairras's counsel was not ineffective in failing to object to the trial court's answer to the jury's request for a definition of the word "distribution." The court's instruction for the jurors to use their experience and common sense to interpret the term was brief and clear, not confusing or misleading. Thus, because the trial court's response to the jury's question was appropriate, Sairras's counsel could not have been deficient for failing to object to the response.

## V.

10

Claims of ineffective assistance of appellate counsel are governed by the same standards applied to claims of ineffective assistance of trial counsel under *Strickland*. *See Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). In assessing an appellate attorney's performance, we are mindful that "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." *Id.* at 1130-31. Rather, an effective attorney will weed out weaker arguments, even though they may have merit. *See id.* at 1131.  In order to establish prejudice, we must review the merits of the omitted claim.  *See id.* at 1132. Counsel's performance will be deemed prejudicial if we find that "the neglected claim would have a reasonable probability of success on appeal." *Id.*  Where an issue is not preserved for appellate review, appellate counsel's failure to raise the issue is not constitutionally deficient as it is based on the reasonable conclusion that the appellate court will not hear the issue on its merits. *Atkins v. Singletary*, 965 F.2d 952, 957 (11th Cir. 1992); *see also Farina v. State*, 937 So. 2d 612, 629 (Fla. 2006) (appellate counsel may not be deemed ineffective for failing to challenge an unpreserved issue on appeal unless it resulted in fundamental error).

Pursuant to Florida law, failing to raise a contemporaneous objection when improper closing argument comments are made waives any claim concerning such comments for appellate review. *Brooks v. State*, 762 So. 2d 879, 898 (Fla. 2000).

"The sole exception to the general rule is where the unobjected-to comments rise to the level of fundamental error, which has been defined as error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Id.* at 898-99.

The role of the attorney in closing arguments is to assist the jury in analyzing, evaluating, and applying the evidence. *Ruiz v. State*, 743 So. 2d 1, 4 (Fla. 1999). **"**Comments on matters outside the evidence are clearly improper." *Pope v. Wainwright*, 496 So. 2d 798, 803 (Fla. 1986).

The record demonstrates that all but one of the contested statements were comments on matters in evidence, and were, therefore, not improper. On the other hand, the comment—"[w]hen the ecstacy deal doesn't work because the defendant says, oh, but I can probably get you cocaine. The defense of entrapment means that he has no predisposition in the world to be able to do it,"— was improper because it referred to testimony that had been specifically struck by the court and not admitted as evidence. However, the comment did not amount to fundamental error under Florida law. Accordingly, appellate counsel was not deficient in failing to raise this issue on appeal.

## VI.

Viewed in the context of the trial as a whole, Sairras's counsel chose to

12

reveal that Sairras was still incarcerated in an attempt to appeal to the jury's sympathy, a choice which was not objectively unreasonable. Sairras has not pointed to any authority establishing that revealing his incarcerated status was constitutionally erroneous. Further, even if the comment was improper, Sairras has not established prejudice, because there is not a reasonable probability that this single, isolated comment changed the outcome of the proceeding. Accordingly, we conclude that the state court's application of *Strickland* to this issue was not unreasonable.

## VII.

It is well-settled that the defense of entrapment is not of constitutional dimension. *United States v. Russell*, 411 U.S. 423, 433, 93 S. Ct. 1637, 1643, 36 L. Ed. 2d 366 (1983). However, the Supreme Court has recognized that there may arise "a situation in which the conduct of law enforcement agents is so outrageous that due process principles" would bar the prosecution. *Id.* at 431-32, 93 S. Ct. at 1643.

Here, there was no outrageous government conduct that would implicate Due Process. The CI was supervised throughout the investigation, and an officer instructed the CI prior to any meeting with Sairras. Thus, there is no indication that the CI was allowed to operate in a manner that could be deemed outrageous.

13

The Florida court's adjudication of this issue was reasonable.

For the aforementioned reasons, we affirm the district court's judgment denying habeas relief.

**AFFIRMED.**

14