STATE of Delaware, Plaintiff
below, Appellant,

v.

Joseph A. PULGINI, Defendant
below, Appellee.

Supreme Court of Delaware.

Submitted March 18, 1977.

Decided May 27, 1977.

Richard R. Cooch, Former Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for defendant below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

PER CURIAM:

In this discretionary appeal, taken pursuant to 10 *Del.C.* § 9903,[1] the sole question for consideration is whether information received twenty-three days prior to the issuance of a search warrant was sufficiently current to establish probable cause.

I.

On September 3, 1975, the police obtained a warrant authorizing the search of the defendant's residence. Accompanying the application for the warrant was an affida-

---

1. 10 *Del.C.* § 9903 provides:
   "§ 9903. Appeal in the discretion of the appellate court.
   "The State may apply to the appellate court to permit an appeal to determine a substantial question of law or procedure, and the appellate court may permit the appeal in its absolute discretion. The appellate court shall have the power to adopt rules governing the allowance of the appeal; but, in no event of such appeals shall the decision or result of the appeal affect the rights of the defendant and he shall not be obligated to defend the appeal, but the court may require the Public Defender of this State to defend the appeal and to argue the cause."

vit disclosing the following facts: (1) that for a two-year period, ending in 1974, the defendant, an employee of the State Motor Vehicle Department, had sold to a police informant illegal motor vehicle documents both at the defendant's home and place of employment; (2) that, on July 25, July 28, and August 4, 1975, the defendant delivered illegal inspection cards to a second police informant at the defendant's work location; and (3) that on August 11, 1975, the defendant, at his home, sold an illegal inspection card to the police informant and told him to come to the defendant's home at any time and he, the defendant, would get him anything the informant wanted.

A search of the defendant's residence was made on the basis of the warrant and certain evidence was seized. The defendant was indicted on two counts of possession of a vehicle inspection card in violation of 21 *Del.C.* § 6708.[2] The Superior Court suppressed the fruits of the search, holding that the information contained in the affidavit was too stale to establish the requisite probable cause. See *State v. Pulgini*, Del. Super., 366 A.2d 1198 (1976). The State appeals that ruling.

## II.

▪ Unquestionably, "time" is a fundamental element in the concept of probable cause. Eventually, the passage of time will diminish the reliability of the information which initially may have supported the issuance of a search warrant. Whether an impermissible amount of time has elapsed and the information is thereby rendered "stale", however, depends upon the circumstances of the particular case. C.f. *Mayer v. State*, Del.Supr., 320 A.2d 713 (1974); see generally Annot. 100 *A.L.R.*2d 525, §§ 6 & 7 (1965).

▪ We agree with the general rule in *United States v. Johnson*, 10th Cir., 461 F.2d 285, 287 (1972):

"[T]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts relied upon and the issuance of the affidavit. Together with the element of time, we must consider the nature of the unlawful activity. Where the affidavit recites a mere isolated violation it would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time. However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant."

See *State v. Ramirez*, Del.Super., 351 A.2d 566 (1976); *Johnson v. State*, 14 Md.App. 721, 288 A.2d 622 (1972) (26 days); *People v. Dolgin*, 415 Ill. 434, 114 N.E.2d 389 (1953) (49 days).

▪ Under the facts of the instant case, we conclude that a continuing violation was sufficiently established; that, accordingly, the Superior Court's holding, under the more strict "isolated activity" standard, was error.

---

**2.** 21 *Del.C.* § 6708 provides:

"§ 6708. Possession of blank title; blank registration card; vehicle identification plate; warranty sticker and registration card; class E felony; penalty.

"(a) No person, unless duly authorized by the Director of the Division of Motor Vehicles, shall have in his possession any blank certificate of title, blank registration card, blank vehicle identification plate, warranty sticker, or vehicle inspection card.

"(b) No person, unless duly authorized by the Director of the Division of Motor Vehicles, shall sell or deliver any blank certificate of title, blank registration card, vehicle identification plate, warranty sticker, or vehicle inspection card.

"(c) Any person found guilty of the violation of this section shall be guilty of a class E felony as the same is defined in Chapter 42 of Title 11 and shall be sentenced in accordance therewith."