STATE of North Dakota, Plaintiff and Appellant,

v.

Joseph MONDO, Defendant and Appellee.

STATE of North Dakota, Plaintiff and Appellant,

v.

Terry BATES, Defendant and Appellee.

Cr. Nos. 849–852.

Supreme Court of North Dakota.

Oct. 20, 1982.

John J. Fox, Asst. States Atty., Dickinson, for plaintiff and appellant.

Freed, Dynes, Reichert & Buresh, Dickinson, for defendant and appellee Joseph Mondo; argued by Ronald A. Reichert, Dickinson.

Greenwood, Greenwood, & Greenwood, Dickinson, for defendant and appellee Terry Bates; argued by Diane Melbye, Dickinson.

PEDERSON, Justice.

This is an appeal by the State, authorized by § 29–28–07(5), NDCC, from an order granting a motion to suppress evidence. We reverse.

On November 6, 1981, a Dickinson police officer investigated a report of sexual imposition that allegedly occurred on November 5, 1981, at the apartment of Joseph Mondo and Terry Bates. The victim said that she had been raped by Mondo, and that she had seen what she was told was marijuana at Mondo's apartment. Based upon this information, the officer sought both a warrant for the arrest of Mondo for sexual imposition (Rule 4, NDRCrimP), and a warrant to search the apartment for evidence of the sexual offense and possession of marijuana or other controlled substances (Rule 41, NDRCrimP). The officer's affidavit in support of the application for a search warrant failed to state the time or date of the alleged sexual offense. This information, however, was contained in the affidavit in support of the application for an arrest warrant. Both affidavits were presented

contemporaneously to the magistrate. The magistrate issued both warrants after determining that probable cause existed. Police officers searched the apartment and found and seized marijuana and other controlled substances.

Bates and Mondo were then separately charged with possession of controlled substances in violation of Chapter 19–03.1, NDCC. The possession cases were subsequently consolidated by the district court. Mondo and Bates each filed motions to suppress the evidence obtained in the search. At the suppression hearing the State, over objections of Bates and Mondo, introduced an affidavit by the issuing magistrate that stated that he considered both affidavits, hereinbefore identified, in finding that probable cause existed. The motions to suppress were, nevertheless, granted by the district court on the ground that the affidavit in support of the search warrant failed to state the time or date of the alleged sexual imposition offense. The State contends that all of the probable cause need not be in a single affidavit.

Mondo argues that the court erred when it admitted the affidavit by the issuing magistrate and should have required his presence for cross-examination at the suppression hearing. Otherwise, he asserts, his right to confrontation guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 12, of the North Dakota Constitution is violated.

■ We agree that a hearing on a motion to suppress is a critical stage of the prosecution, and that the confrontation clause of the Sixth Amendment guarantees an accused the right to confront witnesses against him at a hearing. See *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

■ Because the State could have asked the court to take judicial notice, pursuant to Rule 201, NDREv, that the documents were contemporaneously in the hands of the magistrate, or could have obtained that evidence from the officer, it should be obvious that the magistrate's affidavit was unnecessary. The error in receiving the magistrate's affidavit, although of constitutional dimension, was harmless error beyond a reasonable doubt. See· *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, *rehearing denied,* 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). Harmless error is disregarded by the court. Rule 52(a), NDRCrimP.

We must then determine whether or not a magistrate may look to contemporaneously filed sworn documents to supply information missing from an affidavit to support a finding of probable cause.

■ As this court said in *State v. Kolb,* 239 N.W.2d 815, 817 (N.D.1976), probable cause for arrest exists when the "facts and circumstances within a police officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a man of reasonable caution in believing that an offense has been or is being committed." Probable cause should not be evaluated from a "remcte vantage point of a library, but rather from the viewpoint of a prudent and cautious police officer on the scene at the time of the arrest." *Jackson v. United States,* 302 F.2d 194, 196 (D.C.Cir.1962). Probable cause to arrest and probable cause to search are not, however, identical for all purposes. W. LaFave, Search and Seizure § 3.1· (1978). Probable cause to search "ordinarily may be said to exist only if it is established that certain identifiable objects are probably connected with certain criminal activity and are probably to be found at the *present time* in a certain *identifiable place.*" [Emphasis added.] W. LaFave, supra, § 3.7, at 680.

■ Because probable cause to search depends upon whether or not evidence of criminal activity is presently located at some particular place, an affidavit which fails to state the time or date of criminal activity is insufficient to establish probable cause. See *Rosencranz v. United States,* 356 F.2d 310 (1st Cir. 1966); *State v. Pietraszewski,* 285 Minn. 212, 172 N.W.2d 758 (1969); *State v. Smith,* 295 Minn. 65, 203 N.W.2d 348 (1972).

There are exceptions to this general rule, however. The time and date is of less importance in cases where there is a continuing course of criminal conduct than in those involving a single instance of possession of some form of contraband. For example, if the suspect is known to have remarked that he always keeps contraband or that he would continue using or selling contraband during some period of time, probable cause could be established without direct reference to a specific date or time. See W. LaFave, *supra*, § 3.7; *State v. Pulgini*, 374 A.2d 822 (Del.1977); *Mapp v. Warden, N.Y. State Corr. Inst., etc.*, 531 F.2d 1167 (2d Cir. 1976).

Under the circumstances of this case, we agree that the affidavit in support of the search warrant was insufficient to establish probable cause when it failed to state the date or time of the alleged sexual offense. We agree, however, with the State's contention that the magistrate properly referred to the contemporaneously filed arrest warrant to supply information missing from the affidavit in support of the search warrant. When read together, the two affidavits provide the basis for a reasonable determination that evidence of the alleged sexual offense and evidence of unlawful possession would be found in the apartment.

This court has not previously explicitly ruled on the question of whether or not a magistrate is bound to the information contained within the "four corners" of the affidavit when determining if probable cause exists.

In *State v. Klosterman*, 317 N.W.2d 796 (N.D.1982), it was argued that necessary information was not shown in the "four corners" of the affidavit. We did not accept that argument, leaving at least a strong implication that sworn evidence apart from the affidavit may assist in establishing probable cause for the issuance of a search warrant.

Rule 41(c)(1), NDRCrimP, does explicitly authorize that warrants be issued upon information from more than one affidavit and from sworn recorded testimony.

This court stated in *State v. Mertens*, 268 N.W.2d 446, 448 (N.D.1978), that

"In determining whether or not the affidavit establishes the required probable cause for a search warrant, we apply practical rather than abstract concepts. The magistrates and the courts interpret the affidavits in a commonsense and realistic fashion."

 The court has also said that a reviewing court will pay "substantial deference to judicial determinations of probable cause" when the magistrate is "neutral and detached." *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *State v. Mertens, supra; State v. Boushee*, 284 N.W.2d 423 (N.D.1979). The magistrate in the case at bar was not a mere "rubber stamp" for the police. *Aguilar v. Texas, supra; State v. Boushee, supra,* 284 N.W.2d at 429. A finding of probable cause depends upon the circumstances of each case, but the evidence necessary to establish probable cause is less than that required to establish guilt at trial. *State v. Boushee, supra,* 284 N.W.2d at 429. Although it may be difficult in a particular case to determine when an affidavit establishes probable cause, "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965).

 In *State v. Boushee, supra,* 284 N.W.2d 423, 429, this court ruled that a magistrate may properly rely upon two affidavits attached together to justify a finding of probable cause. The primary concern of a reviewing court is that the magistrate be sufficiently informed to make an independent determination of probable cause. See *State v. Smith, supra.*

 Because the date of the alleged sexual offense was before the magistrate in a separate affidavit, we conclude that the magistrate was sufficiently informed of all necessary facts on which to make an independent judgment of probable cause.

 Mondo also argues that the warrant for arrest did not specify the alleged

victim's name, and therefore the magistrate could not infer that the arrest warrant referred to the same sexual offense as the affidavit for the search warrant. We do not agree. A reviewing court should examine the information available to the magistrate in a "commonsense and realistic fashion" rather than in a hypertechnical manner. *State v. Boushee, supra,* 284 N.W.2d at 429. In *United States v. Ventresca, supra,* 380 U.S. at 108, 85 S.Ct. at 745–746, the United State Supreme Court said:

> "[Affidavits] are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area."

The order suppressing the evidence is reversed and the cases are remanded for trial.

ERICKSTAD, C.J., and PAULSON, SAND and VANDE WALLE, JJ., concur.