602 N.W.2d 516 (1999)
1999 ND 219
In the Interest of L.A.G., a child.
Tracy J. Molick, Petitioner and Appellee,
v.
D.G., J.G., and L.A.G., Respondents and Appellants.
No. 990084.
Supreme Court of North Dakota.
December 1, 1999.
*517 Tracy Jo Molick, Assistant State's Attorney, Fargo, N.D., for petitioner and appellee.
Brian W. Nelson, Fargo, N.D., for respondents and appellants. Argued by Mark T. Blumer.
KAPSNER, Justice.
[¶ 1] L.G. (Larry, a pseudonym) appealed from a juvenile court order transferring from juvenile court to the district court charges against Larry for felony possession of a controlled substance with intent to deliver. We hold the State has demonstrated probable cause to believe Larry committed the offense charged, warranting transfer of the case to district court for prosecution, and we affirm.

I
[¶ 2] Larry, a 17-year-old minor, resides in the home of his mother, J.G. (Julie, a pseudonym). She contacted the Fargo police on January 16, 1999 and asked for assistance in determining the contents of a large Rubbermaid tote container she had found in Larry's bedroom closet. The container was padlocked and, with the advice and assistance of the Fargo police officers, Julie obtained a key from a locksmith and opened the container. It contained approximately 12 pounds of marijuana in one-pound zip lock plastic bags.
[¶ 3] The police returned to Julie's home later that day to question Larry. Larry admitted to the police officers that he had brought the container with the marijuana into the house, but he claimed he was holding it for another person. The officers also searched Larry's person and found a small silver pipe with burnt marijuana residue on it, a baggie containing a small amount of marijuana, and $116 in cash. Larry was taken into custody and charged in juvenile court with class B felony unlawful possession of marijuana with intent to deliver, in violation of N.D.C.C. §§ 19-03.1-05 and 19-03.1-23 and two related misdemeanor offenses.
[¶ 4] The State subsequently filed a petition to transfer prosecution of the offenses from juvenile court to district court. An evidentiary hearing on the transfer request was heard in juvenile court before a judicial referee. She recommended denial of the transfer on the felony charge, because the State had failed to demonstrate there was probable cause. The referee found the State failed to meet its burden to transfer because "there was no direct *518 possession linked to this child ... and also because of the fact a third party may have had access to the place where the [controlled substance] was located in the child's parental home...." The referee also recommended denial of the transfer request on the two misdemeanor charges, because Larry was amenable to treatment.
[¶ 5] The State requested review by a juvenile court judge of the referee's recommendation to deny transfer of the felony charge. The State did not request review of the recommendation to deny transfer of the misdemeanor charges, and they have been resolved in the juvenile court. The juvenile court judge, after reviewing the record, concluded the State had demonstrated probable cause Larry committed the offense charged and ordered transfer of the prosecution to the district court. Larry appealed.

II
[¶ 6] Larry contends the juvenile court judge committed reversible error by failing to review the transcript of the proceedings held before the judicial referee and by not permitting Larry's counsel to file a brief or argue legal issues at a hearing during the review process. When a party requests a judge to review the findings and recommendations of a judicial referee, the review "shall be a review of the record, unless the court orders a hearing of the proceeding." N.D. Sup.Ct. Admin. R. 13, § 11(b); see also In Interest of K.S., 500 N.W.2d 603, 604 (N.D.1993). The juvenile court judge, in his "Order on Request for Review," stated the court "reviewed the file and its contents and the Findings of Fact and Conclusions of Law" of the judicial referee. Although not entirely clear from the record, it appears the proceedings before the judicial referee were recorded by shorthand and the transcript prepared from those notes was not available to the juvenile court judge prior to entry of the order on review. Nevertheless, the file which the judge reviewed did contain very detailed factual statements in the police reports and the affidavits of the investigating detectives, including a police inventory of the contraband items found on Larry's person and in his bedroom closet. The referee's recommendation also included findings which were reviewed by the judge. It is, of course, important the juvenile court judge, in reviewing the referee's recommendation, review the entire record, including a transcript of the proceedings, and give careful consideration to the issues. See In Interest of J.A.G., 552 N.W.2d 317, 324 (N.D.1996). Assuming, without deciding, that the judge did not review a tape or transcript of the hearing held before the judicial referee, we conclude the failure to complete that part of the review is harmless under the circumstances. The facts upon which the State relies to demonstrate probable cause are not really in dispute here. Furthermore, Larry's counsel does not argue that any testimony given during the hearing before the referee is in conflict with or contradicts the relevant facts as developed in the police reports and affidavits which were reviewed by the judge.
[¶ 7] This Court's review of a juvenile court's order is similar to a trial de novo, by which we independently review the evidence and consider the files, records, and minutes or transcript of the evidence of the juvenile court. N.D.C.C. § 27-20-56; In Interest of A.E., 1997 ND 9, ¶ 3, 559 N.W.2d 215. Having reviewed the transcript of the proceedings before the referee, we conclude all relevant factual matters presented at the hearing were included in the reports and affidavits reviewed by the judge and any failure by the judge to review a transcript of the proceedings did not constitute reversible error.
[¶ 8] The State's request for review was filed on February 12, 1999 and its brief in support of the request was filed on February 26, 1999. The order granting the request was not filed until March 9, 1999. There is no indication in the record that Larry's counsel made any response to the *519 State's petition or brief. There is certainly nothing in the record showing the court prohibited Larry from filing a brief or otherwise responding to the State's request for review. Under these circumstances, we conclude the juvenile court did not commit reversible procedural error in its review of the referee's recommendation.

III
[¶ 9] Larry asserts the juvenile court judge erroneously concluded the referee erred in refusing to admit or consider certain admissions made by Larry. Larry contends the admissions are tainted because they were made by him without benefit of counsel and without a knowing, intelligent, and voluntary waiver of counsel. Larry's counsel conceded at oral argument, however, that these transfer proceedings do not preclude Larry from seeking suppression of the admissions or other allegedly tainted evidence at the subsequent criminal trial. The rules of evidence, other than those with respect to privileges, do not apply to transfer hearings in juvenile court. N.D.R.Ev. 1101(d)(3). A juvenile court transfer hearing is equivalent to a preliminary examination in a criminal case, with relaxed standards for admission of evidence, and the North Dakota Rules of Evidence are inapplicable. In Interest of C.R.M., 552 N.W.2d 324, 327 (N.D.1996). We, therefore, hold the juvenile court's consideration of admissions made by Larry in determining whether to transfer the case to district court did not constitute reversible error.

IV
[¶ 10] Larry asserts there is insufficient evidence in the record to support a finding of probable cause on the charge of possession of a controlled substance with intent to deliver. We disagree.
[¶ 11] The authority to transfer the charges brought in the juvenile court for prosecution in the district court is found under N.D.C.C. § 27-20-34, which provides in relevant part:

Transfer to other courts.
1. After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws ... of this state, the court before hearing the petition on its merits shall transfer the offense for prosecution to the appropriate court having jurisdiction of the offense if:
....
b. The child was fourteen years of age or more at the time of the alleged conduct and the court determines that there is probable cause to believe the child committed the alleged delinquent act and the delinquent act involves the offense of ... the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance in violation of subdivision a or b of subsection 1 of section 19-03.1-23, except for the manufacture, delivery, or possession with intent to manufacture or deliver marijuana in an amount less than one pound [.45 kilograms]...
The statute authorizes transfer of the charges against Larry upon a showing of probable cause that Larry committed the offense charged. Probable cause is a minimal burden of proof which is met if there is a definite probability based on substantial evidence the offense has been committed. In Interest of J.K.M., 557 N.W.2d 229, 231 (N.D.1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In Interest of J.A.G., 552 N.W.2d 317, 320 (N.D.1996). The State has the burden of persuasion whether there is probable cause to believe the juvenile committed the delinquent act. In Interest of A.E., 1997 ND 9, ¶ 5, 559 N.W.2d 215. "Whether probable cause exists is a *520 question of law." State v. Johnson, 1999 ND 33, ¶ 17, 590 N.W.2d 192.
[¶ 12] Under N.D.C.C. § 19-03.1-23(1) it is unlawful for any person to willfully possess with intent to deliver a controlled substance. Marijuana is defined as a controlled substance under N.D.C.C. § 19-03.1-05(5)(t). The findings of the referee indicate she was assuming it was necessary to exclude all other persons who may have had access to the place where the marijuana was located in order to establish probable cause. Such a burden does not exist. See State v. Dymowski, 458 N.W.2d 490, 500 (N.D.1990) (there was substantial evidence to support verdict for possession of controlled substance where contraband was found in dresser drawer located in bedroom occupied by both the defendant and his spouse). For purposes of the criminal statute, willful possession of a controlled substance may be actual or constructive, exclusive or joint, and may be shown entirely by circumstantial evidence. State v. McKinney, 518 N.W.2d 696, 700 (N.D.1994). Constructive possession may be established by showing the defendant had the power and ability to exercise dominion and control over the controlled substance. Id. Possession of a controlled substance in a quantity which is larger than would normally be intended for personal use is evidence of intent to sell or deliver the contraband in violation of the law. State v. Rodriguez, 454 N.W.2d 726, 731 (N.D.1990).
[¶ 13] There is substantial evidence in this record to show a definite probability that Larry committed the offense of possession of marijuana with intent to deliver. Larry's mother discovered 12 pounds of marijuana in Larry's bedroom closet which was locked in a container and packaged in 12 separate one-pound bags. Larry conceded he placed the container with the marijuana in his room but claims he was merely holding it for someone else. The record evidence shows that 12 pounds of marijuana is far in excess of what an individual would be expected to be able to use before it rotted. Although Larry was not employed, the officers found significant cash on Larry's person in addition to marijuana paraphernalia and a baggie with a small amount of marijuana in it. One of Larry's friends told the officers he had purchased marijuana from Larry on more than one occasion in the two months preceding Larry's arrest.
[¶ 14] Based upon our review of the files, records, and transcript of the juvenile court proceedings, we conclude the State has met its burden of persuasion and has demonstrated probable cause that Larry possessed contraband, with intent to deliver, in violation of the law. We, therefore, further conclude the transfer of the charges brought in juvenile court for prosecution in the district court is warranted under N.D.C.C. § 27-20-34, and we affirm.
[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., concur.