2006 ND 179

STATE of North Dakota, Plaintiff and Appellee

v.

Jami Erin WOINAROWICZ, Defendant and Appellant.

No. 20060032.

Supreme Court of North Dakota.

Aug. 16, 2006.

Tracy Jo Peters, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Robin L. Olson, Grand Forks, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Jami Woinarowicz appeals from her conviction entered upon a conditional plea of guilty to charges of possession of a controlled substance with intent to deliver and possession of drug paraphernalia. Woinarowicz claims evidence discovered during a search of the hotel room should have been suppressed, and the district court erred in allowing hearsay testimony at the suppression hearing. We affirm Woinarowicz's conviction.

I

[¶ 2] On April 25, 2005, Fargo Police Officer Robert Stanger and two other officers were dispatched to the Holiday Inn after employees reported "suspicious activity" in one of the rooms. Hotel employees told the officers that a female, who they believed was under the influence of drugs, paid cash to rent a room at 11:30 p.m. The employees noticed a lot of activity coming and going from the room, including someone bringing a 22 inch PVC pipe and a gas can into the room.

[¶ 3] The officers knocked on the door to the hotel room. Woinarowicz and Randy Novak were the only people in the hotel room at that time. Officer Stanger testified Novak answered the door, Officer Stanger asked for the woman the room was registered to and Novak told him she had returned to Grand Forks. According to Officer Stanger, he asked Novak if the officers could enter the room and Novak said "yes." Woinarowicz disputed Officer Stanger's version of the events; she testified the officers knocked on the door, Novak opened it and the officers pushed their way in. She also claimed Novak told the officers they could not enter the room.

[¶ 4] According to Officer Stanger, after the officers entered the room, he asked if he could search the room and Novak said "yes." Officer Stanger searched the bathroom and found some burned plastic in the bottom of the trash can. Officer Stanger testified he believed the burned plastic was a methamphetamine "bindle," which drug users make by placing a small amount of methamphetamine in a piece of plastic and then burning the plastic so it shrivels into a small ball encasing the drug.

[¶ 5] Officer Stanger informed the room's occupants that he found what he believed was evidence of methamphetamine activity. The officers blocked the door, and Novak and Woinarowicz were informed that they were being detained pending further investigation. Officer Stanger handcuffed and searched Woinarowicz and Novak. While searching Woinarowicz's purse, Officer Stanger found a large purple cloth bag and heard the sound of metal or glass clinking. Officer Stanger opened the purple bag and found a pipe containing methamphetamine residue. Officer Stanger informed Woinarowicz she was under arrest for possession of the pipe. Officer Stanger continued searching Woinarowicz's purse and found five ounces of methamphetamine.

[¶ 6] Woinarowicz was charged with possession of drug paraphernalia and possession of a controlled substance with intent to deliver. She moved to suppress the evidence seized during the search of the hotel room arguing the officers illegally entered the hotel room, the officers illegally seized her without probable cause, and the officers illegally searched her and her purse. The district court denied her

motion to suppress, concluding the officers had consent to enter and search the hotel room, the officers had probable cause to arrest Woinarowicz, and the officers searched her purse incident to a lawful arrest. Woinarowicz conditionally pled guilty to the charges, reserving her right to appeal the denial of her motion to suppress.

## II

[¶ 7] Woinarowicz argues Officer Stanger's testimony at the suppression hearing about Novak giving the officers consent to enter the hotel room was hearsay and the district court erred in admitting that testimony. Relying on *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), she also argues that she was denied her Sixth Amendment right to confront the witness because Novak was not available to testify at the suppression hearing.

### A

■ [¶ 8] The Confrontation Clause of the U.S. Const. amend. VI, states, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . . " The Confrontation Clause provides two protections to criminal defendants: the right to physically face someone who testifies against them, and the right to cross examine. *Pennsylvania v. Ritchie*, 480 U.S. 39, 51, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). In *Crawford*, the United States Supreme Court held, "[w]here testimonial evidence is at issue, . . ., the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 68, 124 S.Ct. 1354; *see also Davis v. Washington*, — U.S. —, —, 126 S.Ct. 2266, 2273, 165 L.Ed.2d 224 (2006). Woinarowicz argues Novak's statement to law enforcement offi-

cers giving them consent to enter the hotel room is a testimonial statement, and therefore her Sixth Amendment right to confront the witness was violated because she did not have a prior opportunity to cross examine Novak.

[¶ 9] Although Woinarowicz argues that *Crawford* applies to suppression hearings, the United States Supreme Court has said, "the process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself." *United States v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). "[T]he right of confrontation does not apply to the same extent at pretrial suppression hearings as it does at trial." *United States v. Boyce*, 797 F.2d 691, 693 (8th Cir.1986). "[T]he right to confrontation is a *trial* right, . . . ." *Ritchie*, 480 U.S. at 52, 107 S.Ct. 989 (emphasis in original). *See also Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). In *McCray v. Illinois*, the United States Supreme Court held a defendant's Sixth Amendment rights were not violated when, at a pretrial hearing, the court allowed officers to testify to what a confidential informant told them, even though the confidential informant was not testifying at the pretrial hearing and the informant's identity was not disclosed. *McCray v. Illinois*, 386 U.S. 300, 312–13, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). The Court said the prosecution did not need to call a confidential informant at the pretrial hearing to satisfy the defendant's confrontation rights; it was enough that the officers testified, under oath, and were subject to cross examination. *Id.*

[¶ 10] In the past we have applied the Sixth Amendment's Confrontation Clause to suppression hearings saying, "a hearing on a motion to suppress is a critical stage of the prosecution, and that the Confronta-

tion Clause of the Sixth Amendment guarantees an accused the right to confront witnesses against him at a hearing." *State v. Mondo,* 325 N.W.2d 201, 203 (N.D.1982). However, the United States Supreme Court has held, "the question whether a particular proceeding is critical to the outcome of a trial is not the proper inquiry in determining whether the Confrontation Clause has been violated." *Kentucky v. Stincer,* 482 U.S. 730, 744 n. 17, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). We overrule *Mondo* to the extent it applies the Confrontation Clause to suppression hearings.

[¶ 11] In *Crawford,* the United States Supreme Court did not indicate it intended to change the law and apply the Confrontation Clause to pretrial hearings. In *Crawford* the Court considered the admission of testimonial statements against an accused at trial, not at a suppression hearing. We conclude *Crawford* does not apply to suppression hearings. The Sixth Amendment right to confrontation is a trial right, which does not apply to pretrial suppression hearings.

[¶ 12] We conclude Woinarowicz's Sixth Amendment confrontation rights were not violated by Officer Stanger's suppression hearing testimony that Novak gave the officers consent to enter and search the hotel room.

B

[¶ 13] Although Woinarowicz's Sixth Amendment confrontation rights were not violated, we must also consider whether the court erred in admitting Officer Stanger's testimony about the consent. Woinarowicz objected to Officer Stanger's testimony arguing that it was inadmissible hearsay because Novak was not available to testify at the hearing. The district court initially overruled the objection, then sustained the objection, and later allowed the answer after finding it was not hearsay. Woinarowicz argues the district court erred in allowing Officer Stanger's testimony.

[¶ 14] We generally review a district court's evidentiary ruling under an abuse-of-discretion standard. *State v. Ramsey,* 2005 ND 42, ¶ 8, 692 N.W.2d 498. "A [district] court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably or if it misinterprets or misapplies the law." *Id.*

[¶ 15] The district court is not bound by the rules of evidence at a suppression hearing, under N.D.R.Ev. 104(a), which states, "[p]reliminary questions concerning ... the admissibility of evidence, shall be determined by the court, .... In making its determination it is not bound by the rules of evidence except those with respect to privileges." Rule 1101(d)(1), N.D.R.Ev., states, "[t]he rules, other than those with respect to privileges, do not apply in ... [t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104." These rules are patterned after and use the same language as the Fed.R.Evid. 104(a) and 1101(d)(1), and when a " 'rule is patterned on a Federal rule, the Federal courts' interpretation of the Federal rule is highly persuasive.' " *City of Grand Forks v. Ramstad,* 2003 ND 41, ¶ 37, 658 N.W.2d 731 (quoting *State v. Meier,* 422 N.W.2d 381, 386 (N.D.1988)).

[¶ 16] Under Fed.R.Evid. 104(a) and 1101(d)(1), the United States Supreme Court held a court is not bound by the Federal Rules of Evidence, except for those with respect to privileges, when determining preliminary evidentiary questions, including suppression hearings. *See e.g., United States v. Matlock,* 415 U.S. 164, 173–74, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). "[T]he interests at stake in a sup-

pression hearing are of a lesser magnitude than those in the criminal trial itself. At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." *See Raddatz*, 447 U.S. at 679, 100 S.Ct. 2406.

[¶ 17] A district court is not bound by the rules of evidence in suppression hearings. Therefore, we do not need to decide whether the testimony of Officer Stanger is hearsay because the court had discretion to admit Officer Stanger's testimony concerning consent. We cannot say the court acted arbitrarily, capriciously, or unreasonably, or that it misinterpreted or misapplied the law, and therefore we conclude the district court did not abuse its discretion in admitting Officer Stanger's testimony at the suppression hearing about Novak's consent.

[¶ 18] Woinarowicz offered an affidavit from Novak stating he did not give the officers consent to enter the hotel room. She argued the affidavit should have been admitted into evidence since the court admitted Officer Stanger's hearsay testimony about the consent issue. The decision whether to allow the affidavit was in the court's discretion. The admission of Novak's affidavit is different than the admission of Officer Stanger's testimony, because there would not be any person to cross-examine as to the content of the affidavit. In addition, Woinarowicz was allowed to testify that Novak refused to give consent for the officers to enter. We conclude the court did not abuse its discretion in denying Woinarowicz's request to admit Novak's affidavit.

## III

[¶ 19] Woinarowicz claims the evidence seized during the warrantless search should have been suppressed because the police officers did not have consent to enter and search the hotel room.

[¶ 20] When reviewing a district court's decision on a motion to suppress, this Court will:

> defer to a trial court's findings of fact in the disposition of a motion to suppress. Conflicts in testimony will be resolved in favor of affirmance, as we recognize the trial court is in a superior position to assess credibility of witnesses and weigh the evidence. Generally, a trial court's decision to deny a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the trial court's findings, and if its decision is not contrary to the manifest weight of the evidence.

*State v. Linghor*, 2004 ND 224, at ¶ 3, 690 N.W.2d 201 (quoting *State v. Kitchen*, 1997 ND 241, ¶ 11, 572 N.W.2d 106). Questions of law are fully reviewable. *Linghor*, at ¶ 3.

[¶ 21] Unreasonable searches and seizures are prohibited by the U.S. Const. amend. IV and N.D. Const. art. I, § 8. Warrantless entry and searches are unreasonable unless they fall within a recognized exception to the warrant requirement. *State v. Genre*, 2006 ND 77, ¶ 17, 712 N.W.2d 624. Consent is one exception to the warrant requirement. *Id.* Whether an officer has consent is a question of fact. *State v. Mitzel*, 2004 ND 157, ¶ 13, 685 N.W.2d 120.

[¶ 22] The district court found Novak gave the officers consent to enter the hotel room. Officer Stanger's testimony supports the court's finding. Although Woinarowicz was not allowed to introduce Novak's affidavit as evidence, she was allowed to testify Novak did not give the officers consent to enter the room and the officers pushed the door open after they were denied entrance. Whether the court

believed Officer Stanger or Woinarowicz's testimony is an issue of credibility. The district court is in a superior position to assess the witnesses' credibility and we therefore resolve the conflicts in testimony in favor of affirmance. We conclude the district court had sufficient evidence to support its finding that Novak gave the officers consent to enter the hotel room.

[¶ 23] The district court also found Novak consented to the search of the hotel room. Officer Stanger testified that he asked Novak if they could search the room, and Novak said "yes." Woinarowicz testified the officers began searching the room then asked Novak if they could look in his bag, and he said "yeah, go ahead." She claims Novak only gave consent to search the bag not the whole room. The district court is in a superior position to assess the witnesses' credibility, and we resolve the conflicts in testimony in favor of affirmance. We conclude there is sufficient evidence to support the court's finding that Novak gave the officers consent to search the hotel room.

## IV

[¶ 24] Woinarowicz claims she was arrested when the officers handcuffed her after they found the possible methamphetamine bindle during the search of the bathroom. She argues the officers did not have probable cause to arrest her because she was not in constructive possession of the bindle and there is no proof the burned plastic contained methamphetamine. She also claims the search of her purse was illegal because the search was not incident to a legal arrest and the officers did not have a warrant.

### A

[¶ 25] The district court found Woinarowicz was under arrest when officers placed her in handcuffs, even though formal words of arrest were not used. "'The existence of an arrest is a question of law,'" which is fully reviewable on appeal. *Linghor*, 2004 ND 224, ¶ 14, 690 N.W.2d 201 (quoting *City of Wahpeton v. Johnson*, 303 N.W.2d 565, 567 (N.D. 1981)).

[¶ 26] "An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the person making the arrest." N.D.C.C. § 29-06-09. "[A]n officer's subjective intent or outward statements do not necessarily control whether, or when, a party is under arrest." *Linghor*, at ¶ 14. An individual is arrested when "circumstances existed that would have caused a reasonable person to conclude he was under arrest and not free to leave." *Id.*

[¶ 27] Woinarowicz was handcuffed after Officer Stanger searched the bathroom and found the methamphetamine bindle. Although Officer Stanger did not inform Woinarowicz that she was under arrest, a reasonable person in her situation would have concluded she was under arrest when Officer Stanger found what he believed was a methamphetamine bindle, the officers blocked the door, the officers told her she was being detained, and handcuffed her behind her back. We conclude Woinarowicz was not free to leave and was under arrest.

### B

[¶ 28] Whether probable cause exists is a question of law fully reviewable on appeal. *In re L.A.G.*, 1999 ND 219, ¶ 11, 602 N.W.2d 516. There is probable cause to arrest, if looking at the surrounding circumstances from the view of an objectively reasonable officer, the officer has sufficient knowledge that would give a prudent person reasonable grounds to believe an offense has been committed

or is being committed. *Linghor,* 2004 ND 224, ¶ 10, 690 N.W.2d 201.

[¶ 29] The district court found the officers had probable cause to arrest Woinarowicz because she was in constructive possession of the materials found in the bathroom garbage, which the officers believed was evidence of methamphetamine activity. A person may be guilty of willful possession of a controlled substance by either being in actual or constructive, and exclusive or joint possession. *State v. Morris,* 331 N.W.2d 48, 53 (N.D. 1983); *L.A.G.,* 1999 ND 219, ¶ 12, 602 N.W.2d 516. This Court has said, "[c]onstructive possession may be established by showing the defendant had the power and ability to exercise dominion and control over the controlled substance." *L.A.G.,* at ¶ 12. Constructive possession can be inferred from the totality of the circumstances. *Morris,* at 54. Mere presence in the same location as the contraband is not enough, there must be some link between the individual and the contraband. *See City of Wahpeton v. Wilkie,* 477 N.W.2d 215, 217 (N.D.1991). In assessing constructive possession, a court may consider the accused's presence in the place where the substance is found, the accused's proximity to the place where the substance is found, and whether the substance is in plain view. *Morris,* at 54.

[¶ 30] Woinarowicz claims the officers did not have probable cause to arrest her because tests were not conducted on the plastic wrap and there is no evidence that it contained methamphetamine. But determining whether the plastic wrap actually contained methamphetamine is not necessary to deciding whether the officer had probable cause to arrest. "To establish probable cause, the officer does not have to possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred." *State v. Spidahl,* 2004 ND 168, ¶ 10, 686 N.W.2d 115. At the time of the arrest, the officers need only have sufficient knowledge to believe an offense has been or is being committed in order to establish probable cause. "Probable cause does not require that commission of the offense be established with absolute certainty, or proved beyond a reasonable doubt." *Id.* at ¶ 11.

[¶ 31] Whether the plastic wrap actually contained methamphetamine is not necessary to establish probable cause, and the issue is whether an objectively reasonable officer would have believed an offense has been or is being committed. Officer Stanger testified about his knowledge gained through training and experience. Based on his experience, he believed the burned plastic wrap was evidence that Woinarowicz and Novak were in possession of methamphetamine. The officers also had information from the hotel employees that the occupants of the room had been behaving suspiciously, coming and going from the room a lot, and bringing materials into the room that may be used to manufacture methamphetamine, including a 22 inch PVC pipe and a gas can. The hotel room was a locked room, Woinarowicz and Novak were the only people in the room, and they were the only people with access to the bathroom where the substance was found. While these facts may not have been sufficient to sustain a conviction, looking at these circumstances from the view of an objectively reasonable officer, there was sufficient knowledge that would give a prudent person reasonable grounds to believe Woinarowicz was in constructive possession of methamphetamine. We conclude the officers had probable cause to arrest Woinarowicz for possession of methamphetamine.

## C

[¶ 32] A search incident to a legal arrest is an exception to the warrant requirement. *State v. Lanctot*, 1998 ND 216, ¶ 5, 587 N.W.2d 568. Warrantless searches incident to arrest are "justified by the reasonableness of searching for weapons, instruments of escape, and evidence of crime when a person is taken into official custody and lawfully detained." *United States v. Edwards*, 415 U.S. 800, 802–03, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974). A search incident to arrest includes a search of the arrestee's person and the area "within her immediate control." *Lanctot*, at ¶ 6, *see also Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). An arrestee's purse is generally considered an object immediately associated with a person or an extension of the person, similar to a search of the arrestee's pocket or clothing. *See, e.g., Curd v. City Court of Judsonia, Arkansas*, 141 F.3d 839, 843 (8th Cir.1998) (purse is an object "immediately associated" with arrestee); 3 Wayne R. LaFave, *Search and Seizure* § 5.5(a) (4th ed.2004) (a purse is "immediately associated" with the person and may be searched incident to arrest).

[¶ 33] The district court found Woinarowicz and her purse were legally searched incident to arrest. We agree. Woinarowicz was clutching her purse when she was placed under arrest. Woinarowicz's purse was within her immediate control, and we therefore conclude Woinarowicz's purse and her person were legally searched incident to arrest.

## V

[¶ 34] We affirm Woinarowicz's conviction.

[¶ 35] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

SANDSTROM, Justice, concurring specially.

[¶ 36] I agree with the majority that *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), does not apply to preliminary hearings. I write separately to note that an utterance of a consent to search is a verbal act, and is not hearsay.

[¶ 37] "A verbal act is an utterance of an operative fact that gives rise to legal consequences." 5 Weinstein's Federal Evidence § 801.11[3] (2d ed.2006).

[¶ 38] In *U.S. v. Moreno*, 233 F.3d 937, 940 (7th Cir.2000), holding that the "utterance of consent to the search, and [the] subsequent retraction, amount to verbal acts, and as such are not inadmissible hearsay," the court explained:

Moreno's appeal focuses on the admission of testimony regarding Evaristo Moreno's initial consent to the search of their home and the withdrawal of that consent upon the heels of her yelled remark to him. She contends that Evaristo's out-of-court statements constitute hearsay, so that it was improper for the government to elicit his change of heart about the search, in conjunction with her own shouted comment to him, as proof of her knowledge that the home contained narcotics.

We agree with the government that Mr. Moreno's utterance of consent to the search, and his subsequent retraction, amount to verbal acts, and as such are not inadmissible hearsay. Like the classic examples of verbal acts, offer and acceptance, *see Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 892 (7th Cir.1995), statements that grant

or withhold permission to the authorities to conduct a search carry legal significance independent of the assertive content of the words used. *See generally* 4 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence, § 385 (2d ed.1994); *see also, e.g., United States v. Rojas,* 53 F.3d 1212, 1216 (11th Cir.) (consent to exercise of jurisdiction over vessel), *cert. denied,* 516 U.S. 976, 116 S.Ct. 478, 133 L.Ed.2d 407 (1995); *State v. Welker,* 536 So.2d 1017, 1019–20 (Fla.1988) (consent to record telephone conversation); *State v. Gillespie,* 18 Wash.App. 313, 569 P.2d 1174, 1175 (1977) (consent to search residence).

[¶ 39] Similarly, the U.S. District Court, in *Dragani v. Bryant,* 2005 WL 3542498, *6 n. 7 (M.D.Fla. Dec.23, 2005), said:

> To the extent that Petitioner claims that his counsel failed to object to the testimony of the law enforcement officers regarding Mr. Costillo's granting permission to search his apartment for Petitioner, the claim is meritless. Mr. Costillo's consent to search his residence was admissible because it constituted a verbal act which is not hearsay under Florida law. *State v. Welker,* 536 So.2d 1017, 1020 (Fla.1988) ("[T]he giving of consent is a verbal act, and therefore testimony that someone has given consent is not hearsay."); *Palmer v. State,* 448 So.2d 55, 56 (Fla. 5th DCA 1984) (testimony that the defendant's wife gave consent to search was not hearsay, but a verbal act). Thus, the failure to object was neither deficient nor prejudicial.

[¶ 40] In this case, the verbal consent search is an operative fact that gives rise to legal consequences. The officer's testimony about the consent he heard given was not hearsay.

[¶ 41] GERALD W. VANDE WALLE, C.J.