Filed 12/2/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 232

State of North Dakota, Plaintiff and Appellee

v.

Kelly Michael Steffes, Defendant and Appellant

No. 20100148

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Mikal Simonson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Frederick Russell Fremgen, State’s Attorney, 511 2nd Avenue SE, Jamestown, ND 58401, for plaintiff and appellee.

Jesse Nathan Lange, 415 11th Street South, P.O. Box 1817, Fargo, ND 58107-

1817, for defendant and appellant.

State v. Steffes

No. 20100148

Crothers, Justice.

[¶1] Kelly Michael Steffes appeals from the district court’s judgment entered after his conditional plea of guilty to the charge of giving false information or report to a law enforcement officer.  We affirm.

I

[¶2] Around two a.m. on October 4, 2009, Jamestown Police Officer Michael Craig was dispatched to investigate a report of a male who appeared to be intoxicated and who was getting into a vehicle located in the Brass Rail bar parking lot.  The caller’s identity is not known.  Officer Craig located a vehicle matching the caller’s description and having the same license plate number.  Officer Craig parked his police car far enough from the vehicle that it could exit the parking spot.

[¶3] The vehicle’s dome light was on, the key was in the ignition turned to the accessory position and the car was not running.  The district court found:

“[Steffes] was in the driver’s seat holding a cellular telephone.  The dash lights were on and the radio was playing loudly.  Due to the loud radio, Craig did not try to communicate orally with Steffes.  Rather he tapped on the driver’s side window and with his finger motioned downward indicating he wanted Steffes to lower the window.  Steffes turned and looked at Craig, did not respond, and then looked down and away.  Craig knocked on the window again.  Steffes cracked open the driver’s door and Craig asked him to turn down the radio.  Some time later he was arrested.”

Officer Craig testified it took approximately three seconds after the first knock for Steffes to open the door.

[¶4] While Officer Craig was talking to Steffes, Officer Meisch arrived.  Officer Craig asked for Steffes’ driver’s license and was told Steffes did not have his driver’s license with him.  Steffes told Officer Craig his name was “Michael Shockman” and also gave him a birth date, both of which were false.  Steffes exited the vehicle, and Officer Meisch asked Steffes to get back into the vehicle because Steffes was off balance.  Steffes did not comply.  Officer Craig then directed Steffes to get back in the car for fear that Steffes would hurt himself.  Steffes complied.

[¶5] On October 14, 2009, the state charged Steffes with providing false information or giving a false report to a law enforcement officer.  Steffes pleaded not guilty, and on November 16, 2009, he moved to suppress the evidence arguing he was seized without reasonable and articulable suspicion.  The state resisted the motion, and a hearing was held on March 1, 2010.  The district court denied Steffes’ motion to suppress the evidence.  On April 30, 2010, Steffes entered a N.D.R.Crim.P. 11 conditional guilty plea, reserving his right to appeal the results of his suppression motion.  The criminal judgment was entered on May 14, 2010.  Steffes timely filed this appeal.

II

[¶6] Steffes argues his Fourth Amendment rights were violated because the officer’s actions amounted to a seizure without reasonable and articulable suspicion. 

This Court has stated:

“When reviewing a district court’s ruling on a motion to suppress, we defer to the district court’s findings of fact and resolve conflicts in testimony in favor of affirmance.  
State v. Graf
, 2006 ND 196, ¶ 7, 721 N.W.2d 381.  We recognize that the district court is in a superior position to assess the credibility of witnesses and weigh the evidence.  
State v. Woinarowicz
, 2006 ND 179, ¶ 20, 720 N.W.2d 635 (citations omitted).  Generally, a district court’s decision to deny a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the district court’s findings, and if its decision is not contrary to the manifest weight of the evidence.  
Id.
 Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.  
Graf
, at ¶ 7.”

State v. Goebel
, 2007 ND 4, ¶ 11, 725 N.W.2d 578.

[¶7] The Fourth Amendment of the United States Constitution provides, “The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated.”  U.S. Const. amend. IV; 
see also
 N.D. Const. art. 1, § 8.  However, “not all encounters between law enforcement officers and citizens constitute ‘seizures’ implicating the Fourth Amendment.”  
Abernathey v. Dep’t of Transp.
, 2009 ND 122, ¶ 8, 768 N.W.2d 485.  We have recognized that “it is not a seizure for an officer to walk up to and talk to a person in a public place.”  
City of Mandan v. Gerhardt
, 2010 ND 112, ¶ 8, 783 N.W.2d 818 (quoting 
City of Jamestown v. Jerome
, 2002 ND 34, ¶ 5, 639 N.W.2d 478).  This extends to “[a] law enforcement officer’s ‘approach [of] a parked vehicle . . . if the officer inquires of the occupant in a conversational manner, does not order the person to do something, and does not demand a response.’”  
Abernathey
, at ¶ 8 (quoting 
State v. Langseth
, 492 N.W.2d 298, 300 (N.D. 1992)).

[¶8] When analyzing if a seizure has occurred, the Court looks at whether there was the “threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer’s request might be compelled.”  
Richter v. N.D. Dep’t of Transp.
, 2010 ND 150, ¶ 15, 786 N.W.2d 716 (quoting 
United States v. Mendenhall
, 446 U.S. 544, 554 (1980)).  In 
Abernathey
, this Court held a driver was not seized by an officer approaching his vehicle, knocking on the window and asking him to roll down the window.  2009 ND 122, ¶ 15, 768 N.W.2d 485.

[¶9] Here, Officer Craig approached Steffes’ vehicle, knocked on the window, made an oral request for Steffes to roll down the window or open the door and made a hand gesture indicating the same.  Steffes looked out the window at Officer Craig and turned back to what he was doing.  Officer Craig then repeated the knocking, the oral request and the hand gesture.  Steffes asserts he was seized when Officer Craig repeated this conduct.  We must determine whether Officer Craig’s second knock, oral request and hand gesture elevated the encounter to a seizure.

[¶10] The district court found:

“It is clear that there was no oral order prior to Steffes opening the door. . . . [T]here is no evidence that Craig was threatening to Steffes.  As stated earlier, he did not make an order which is similar to a command.  He also made no show of authority toward Steffes.”

[¶11] These findings are supported by Officer Craig’s testimony:

MR. FREMGEN:  Okay.  What did you do when you got close to his car?

OFFICER CRAIG:  I wrapped on his window and motioned, and I was trying to speak over the noise of the radio.  And I don’t know if he heard me or not but I asked him if he could open the door so I could talk to him.  And then I kind of motioned with my finger to roll the window down or open the door.

. . . . 

So after I knocked on the window the person sitting in the driver’s seat he turned kind of slowly towards me, and then when I had seen, or when I saw that I had his attention that’s when I made the motion.

MR. FREMGEN:  Okay.  What did he do after you made the motion to put the window down?

OFFICER CRAIG:  If I recall I believe he turned back to what he was doing and then I repeated it.

[¶12] The record also reflects that Officer Craig did not activate his emergency lights, park blocking Steffes’ car in the parking spot, or otherwise display a show of force requiring Steffes’ compliance.  The district court did not err because its finding that Officer Craig’s actions were not an order is supported by the record.

[¶13] Steffes argues he was declining a conversation with Officer Craig when he turned back to the cellular telephone, making the officer’s actions a demand.  The district court did not make a finding interpreting the meaning of Steffes’ conduct, and Steffes did not testify, leaving us without a record reflecting what Steffes was thinking during the police encounter.  However, the record does show Officer Craig was unsure of what Steffes was trying to communicate with his actions.  We conclude the officer’s actions were reasonable in light of his inability to interpret Steffes’ ambiguous actions.

[¶14] Steffes asserts he was seized when Officer Craig ordered him to turn down the radio.  The district court found, “Once the door was open, all Craig did was to ask Steffes to turn down his radio.  The Court believes that that is a request made so that the two could speak to each other.”  Officer Craig’s testimony supports this finding.  The district court did not err when it found Officer Craig did not order Steffes to turn down the radio because the finding is supported by the record.

[¶15] The district court did not err by concluding Steffes was not seized in violation of his Fourth Amendment rights.  Because of our conclusion, we do not reach Steffes’ argument that the anonymous tip did not create reasonable suspicion for the seizure.

III

[¶16] The district court’s judgment is affirmed.

[¶17] Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.